IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHANDALEE ANNE GUDSCHINSKY**                                             **PLAINTIFF**

v.                              No. 4:15–CV–513-JM-BD

**CAROLYN W. COLVIN,** Acting Commissioner,
Social Security Administration                                             **DEFENDANT**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for Judge James M. Moody Jr. Either party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Moody may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Shandalee Anne Gudschinsky seeks judicial review of the denial of her third application for social security disability benefits.[3] Ms. Gudschinsky last worked as an electronic technician for BEI Precision Systems & Space Company, Inc.[4] She says she stopped working in 2010, because she had a nervous breakdown.[5] When her employer's long-term disability benefits ceased in 2012, she pursued social security disability benefits.[6] She based disability on bipolar disorder, depression, anxiety, and agoraphobia.[7]

**The Commissioner's decision**. The Commissioner's ALJ identified depressive disorder and anxiety disorder as severe impairments.[8] The ALJ determined that these

---

[3] SSA record at pp. 171 & 175 (applying on Oct. 30, 2012 & alleging disability beginning Apr. 19, 2010); *id*. at p. 191 (reflecting prior applications filed on Dec. 7, 2010 & Oct. 19, 2011); *id*. at p. 206 (showing last claim was denied on June 22, 2012). *See id*. at p. 38 (testifying that she applied a couple of times before) & p. 205 (amending onset date to Apr. 25, 2012 based on denial of earlier claim).

[4] *Id*. at pp. 39, 189 & 239.

[5] *Id*. at p. 41.

[6] *Id*. at pp. 37-38 (explaining that she pursued social security disability benefits because her employer paid benefits ceased in Oct. 2012).

[7] *Id*. at p. 209.

[8] *Id*. at p. 20.

impairments limit Ms. Gudschinsky's mental ability to work.[9] After obtaining vocational evidence, the ALJ determined that Ms. Gudschinsky could do her past work as a poultry dressing worker.[10] Because a person who can do her past work is not disabled under social security law,[11] the ALJ denied the application.

After the Commissioner's Appeals Council denied a request for review,[12] the decision became a final decision for judicial review.[13] Ms. Gudschinsky filed this case to challenge the decision.[14] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15]

---

[9]*Id*. at p. 23 (requiring work involving: (1) simple, repetitive, routine tasks; (2) simple work-related decisions; (3) few work place changes; and (4) incidental interpersonal contact).

[10]*Id*. at p. 27.

[11]20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[12]SSA record at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial

This recommendation explains why the court should affirm the decision.

**Ms. Gudschinsky's allegations**. Ms. Gudschinsky challenges the evaluation of her credibility. She contends that her psychiatrist's medical opinion deserved controlling weight. For these reasons, she argues, substantial evidence does not support the determination that she could do her past work.

**Applicable legal principles**. Substantial evidence supports the decision if a reasonable mind might accept the evidence as adequate to show Ms. Gudschinsky could do her past work.[16] The ALJ required work involving: (1) simple, repetitive, routine tasks; (2) simple work-related decisions; (3) few work place changes; and (4) incidental interpersonal contact.[17] Ms. Gudschinsky bore the burden of proving she could not do past work.[18] The difficulty in meeting that burden lies in the subjective nature of her allegations.

Ms. Gudschinsky claims anxiety prevents her from doing anything or going

---

evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[17]SSA record at p. 23.

[18]*Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992).

anywhere.[19] She says being around people causes panic attacks and prevents her from working.[20] Because of a lack of physical manifestations,[21] credibility is essential to prove the claim.

**Credibility**. Before determining a claimant's ability to work, the ALJ must evaluate the claimant's credibility because subjective complaints play a role in determining the ability to work.[22] An ALJ may discount subjective complaints based on "inconsistencies in the evidence as a whole."[23] A reviewing court "will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so."[24]

The ALJ provided the following reasons for discounting credibility:

---

[19]SSA record at p. 228.

[20]*Id*. at pp. 229, 254 & 256.

[21]Rebecca J. Frey, Teresa G. Odle, Laura Jean Cataldo & William A. Atkins, Anxiety Disorders, 1 The Gale Encyclopedia of Mental Health 114 (3d ed.) (anxiety "may produce physical, cognitive, emotional, or behavioral symptoms"); Laith Farid Gulli & Jean Suvan, Panic Attack, 2 The Gale Encyclopedia of Mental Health 1108) (3d ed.) ("Physical symptoms of a panic attack may include palpitations, difficulty breathing, chest pain or discomfort, choking or smothering sensations, excessive perspiration, or dizziness. Panic attacks often include the fear of going crazy, losing control, or dying.").

[22]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[23]*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[24]*Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010).

(1) Ms. Gudschinsky's description of her daily activities was inconsistent with her allegations, (2) objective medical findings failed to provide strong support for the allegations, (3) Ms. Gudschinsky reported no major conflicts with others, (4) psychotropic medication was helpful in controlling symptoms, and (5) the agency mental examiner reported a satisfactory capacity to cope with the mental demands of work.  These reasons are good reasons for discrediting subjective allegations.  Evidence supports these reasons.  Thus, the court must defer to the ALJ's credibility finding.

To the extent, Ms. Gudschinsky maintains that the ALJ should have credited her allegations about medication side effects, that assertion is at odds with her statements denying medication side effects.[25]  When she complained about fatigue and body aches, her psychiatrist recommended a physical exam.[26]  She did not pursue the recommendation.  The ALJ had a sufficient basis for discounting credibility.

**Medical opinion evidence**.  A treating psychiatrist submitted medical statements reporting disabling symptoms.[27]  Ms. Gudschinsky says the statements deserved controlling weight, but the ALJ gave the statements little weight.  The Commissioner's rules call for controlling weight if a treating physician's medical opinion is well

---

[25]SSA record at pp. 361 & 371.

[26]*Id*. at p. 331.

[27]*Id*. at pp. 399 & 422.

supported and consistent with the other substantial evidence.[28] "Accordingly, an ALJ should 'give good reasons' for discounting a treating physician's opinion.[29]

Ms. Gudschinsky characterizes the ALJ's reasons for discounting the opinion — that the psychiatrist saw Ms. Gudschinsky only twice a year, and that the statements are not internally consistent — as illogical and fallacious, but the record does not support the argument.

The ALJ's first reason is neither illogical nor fallacious because treatment records document visits every six months and because frequency of examination is an important consideration in weighing a treating-physician opinion.[30] In general, the longer the physician has treated the claimant, and the more times the physician has seen the claimant, the more weight the opinion deserves.[31] Treatment notes document nine visits — three of which occurred during the 21 months for which benefits were denied. The first six visits were at fairly frequent intervals,[32] as might be expected to establish a treatment relationship and develop an effective treatment plan. The last three, more

---

[28]SSR 96-2p, *Pol'y Interpretation Ruling Titles II & XVI, Giving Controlling Weight to Treating Source Med. Opinions*.

[29]*Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002).

[30]20 C.F.R. §§ 404.1527 & 416.927.

[31]*Id*.

[32]SSA record at p. 354 (May 11, 2011), p. 352 (June 9, 2011), p. 350 (July 8, 2011), p. 348 (Oct. 6, 2011), p. 345 (Feb 13, 2012) & p. 342 (Apr. 5, 2012).

relevant, visits were at six-month intervals.[33] Less frequent visits suggest an effective treatment plan.

The statements were generated at the last two visits, meaning the psychiatrist had seen Ms. Gudschinsky twice in the preceding 12 months, three times in the preceding 18 months. That frequency, and the lack of documented negative medical findings, indicate that the medical statements flowed, in part, from reported symptoms. If Ms. Gudschinsky's symptoms were disabling, it is reasonable to expect more frequent visits. The psychiatrist's reliance on discounted allegations undermined the medical statements.[34]

The ALJ's second reason is neither illogical nor fallacious because reported symptoms are inconsistent with documented symptoms. For the most part, documented symptoms were negative,[35] compared to reported disabling limitations. The psychiatrist documented GAF scores consistent with moderate limitations, but

---

[33]*Id*. at p. 331 (Oct. 4, 2012), p. 402 (Apr. 4, 2013) & p. 416 (Oct. 3, 2013).

[34]Rebecca J. Frey, Teresa G. Odle, Laura Jean Cataldo & William A. Atkins, Anxiety Disorders, 1 The Gale Encyclopedia of Mental Health 114 (3d ed.) ("Although there is no psychiatric test that can provide definite diagnoses of anxiety disorders, there are several short-answer interviews or symptom inventories that doctors can use to evaluate the intensity of a patient's anxiety and some of its associated features.").

[35]SSA record at p. 342 (Apr. 5, 2012: doing better, slightly restricted affects, medication is helpful), p. 331 (Oct. 4, 2012: struggles with depression, somewhat anxious, medication is helpful), p. 402 (Apr. 4, 2013: depressed mood, trying to obtain social security disability) & p. 416 (Oct.3, 2013: feels calmer, periodic panic attacks).

reported numerous marked limitations. According to treatment notes, Ms. Gudschinsky was cooperative; she had intact judgment, insight, and memory. She displayed normal rate of thought, abstract reasoning, and computation.[36] But according to the medical statements, she had moderate limitations in remembering and carrying out even very short, simple tasks,[37] ostensibly due to impaired thinking, reasoning, computation, judgment, insight, and memory. The medical statements reported moderate limitations in adhering to basic standards of neatness and cleanliness, but treatment notes document no problems in this area.[38]

The medical statements are inconsistent with other substantial evidence — the agency examiner's report. The ALJ gave the psychiatrist's statement little weight, but gave the agency examiner's report significant weight.[39] According to the agency examiner, Ms. Gudschinsky's thought process was rational, coherent, and goal directed.[40] Her cognitive process was intact.[41] She reported no conflict with other

---

[36]*Id*. at pp. 403, 410 & 417.

[37]*Id*. at pp. 399 & 422.

[38]*Id*. at pp. 331, 403 & 416.

[39]*Id*. at p. 26.

[40]*Id*. at p. 391.

[41]*Id*.

people.[42]  The agency examiner observed no specific limitations in concentration or persistence.  The examiner reported a satisfactory capacity to cope with mental demands of work.[43]  The ALJ did not err in relying on treatment infrequency and inconsistency in discounting the medical statements.

**Vocational evidence**.  After determining Ms. Gudschinsky's ability to work, the ALJ consulted a vocational expert.  According to the vocational expert, a poultry dressing worker falls within the limitations set out in the ALJ's hypothetical.[44]  The ALJ properly concluded that Ms. Gudschinsky could do past work.

Ms. Gudschinsky contends the ALJ failed to account for her moderate limitations in concentration, persistence, and pace.  She says limiting her to simple, routine, repetitive tasks does not fully account for her limitations.  The argument flows from the psychiatric review technique at step three of the disability determination process.  The step-three determination does not control at step four.  After reviewing the agency examiner's report and treatment notes, agency mental health experts opined that Ms. Gudschinsky was not significantly limited in doing simple tasks.[45]  Later treatment

---

[42]*Id*. at p. 394.

[43]*Id*.

[44]*Id*. at p. 57.

[45]*Id*. at pp. 72, 84, 99 & 112.

notes document no deterioration of symptoms.

## Conclusion and Recommended Disposition

A reasonable mind would accept the evidence as adequate to support the determination that Ms. Gudschinsky could do her past work. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Ms. Gudschinsky's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 19th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE