## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**SHANDALEE ANNE GUDSCHINSKY**                                            **PLAINTIFF**

**v.**                              **No. 4:15–CV–513-JM**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                        **DEFENDANT**

### ORDER

After reviewing the recommended disposition (Docket No. 15) and the objections (Docket No. 16), the Court OVERRULES the objections, ACCEPTS the recommended disposition, and DENIES Shandalee Anne Gudschinsky's request for relief (Docket No. 2).

The Court reviewed the record de novo and concluded that substantial evidence supports the Commissioner's decision.  Gudschinsky objects because the magistrate judge wrote that the ALJ's step 3 finding does not control at step 4, but "[e]ach step in the disability determination entails a separate analysis and legal standard."[1]  As a result, a finding in an earlier step does not control subsequent steps, but logically, carries over to some extent.  The ALJ's step 3 finding about moderate limitations in concentration, persistence, and pace carried over to the ALJ's step 4 requirement for simple, routine, repetitive tasks.  Moderate limitations in concentration, persistence, and pace does not equate to an inability to do any mental tasks; in this case, it meant that Gudschinsky can no longer do detailed tasks like her past work as an electronics technician.

The psychologist who examined Gudschinsky on March 23, 2012, observed no limitations in concentration, persistence, or pace, and reported a satisfactory ability to cope with the mental demands of work.[2]  The exam is particularly probative of Gudschinsky's credibiltiy

---

[1] *Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006).
[2] SSA record at p. 394.

because she claims disability since April 25, 2012.[3]  The temporal proximity of the exam and the alleged onset date undermines her credibility.  Gudschinsky's psychiatrist reported moderate limitations in concentration, persistence, and pace for simple tasks,[4] but that meant Gudschinsky would have intermittent difficulty doing simple tasks, but could generally perform satisfactorily, but not always.  Such limitation does not mean Gudschinsky lacked any useful ability.

As for the objection about discounting the psychiatrist's medical statement, the magistrate judge discussed infrequency of treatment, but the ALJ relied primarily on treatment notes in discounting the medical statements.  Treatment notes document no disabling symptoms.  Gudschinsky's testimony that she can't afford to see her psychiatrist more often may be true, but the infrequency of her visits is also consistent with an effective treatment plan.

Because a reasonable mind will accept the evidence as adequate to support the decision, the Court will enter judgment affirming the decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration.

So ordered this 20th day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[3]*Id*. at p. 205.
[4]*Id*. at pp. 399 & 425.